# SETTLEMENT AGREEMENT AND RELEASE

1. This Agreement covers all understandings between YVETTE LOPEZ (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, assigns, beneficiaries, personal representatives, and heirs) and SALMA ELFAKI, M.D., P.A. (hereinafter referred to as "Defendant," a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

   A. To settle any and all claims between Plaintiff and Defendant and release and forever discharge Defendant of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's employment with Defendant, or related to the transactions or matters which are the subject matter of the lawsuit Case No. 6:16-cv-1665-ORL-DCI, pending in the United States District Court for the Middle District of Florida, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, and the Florida Civil Rights Act. This is not a complete list, and Plaintiff waives and releases all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiff's employment or separation from employment with Defendant to the extent permitted by law up through the effective date of this Agreement, except that this release does not compromise, waive, or prejudice any claims for worker's compensation consistent with Florida Statutes §440.21.

   B. To file this Agreement with the Court in Case No. 6:16-cv-1665-ORL-DCI for review and approval pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), with the Court to retain jurisdiction to enforce this Settlement Agreement.

   C. To agree and acknowledge that this settlement does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendant.

    D.    Plaintiff acknowledges that she has no unknown or unreported workplace injuries from her employment with Defendant.

    3.    For and in consideration for the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendant agrees as follows:

    A.    In exchange for the consideration from Plaintiff as set forth in this Agreement, Defendant agrees to pay $6,000.00 to Plaintiff as consideration in full and final resolution of Plaintiff's underlying claims in Case No. 6:16-cv-1665-ORL-DCI along with $4,200.00 for costs and $22,800.00 in resolution of all of Plaintiff's claims for attorneys' fees in Case No. 6:16-cv-1665-ORL-DCI, pursuant to the following payment plan:

    (1) By March 15, 2018, Defendant shall deliver to Plaintiff's Counsel, Keith M. Stern, Esq. at 14 NE 1st Avenue, Suite 800, Miami, Florida 33132, checks totaling $3,000.00 as follows:

    (a) one check made payable to Yvette Lopez in the amount of $545.46, less applicable tax withholdings, as consideration for alleged overtime wages; and

    (b) one check made payable to Keith M. Stern, P.A. in the amount of $2,454.54 as consideration for Plaintiff's attorneys' fees and costs,

but no settlement payments shall be released or distributed until the Court has issued an Order of Approval and Dismissal in Case No. 6:16-cv-1665-ORL-DCI.

    (2) By April 13, 2018, Defendant shall deliver to Plaintiff's Counsel checks totaling $3,000.00 as follows:

    (a) one check made payable to Yvette Lopez in the amount of $545.46, less applicable tax withholdings, as consideration for alleged overtime wages; and

    (b) one check made payable to Keith M. Stern, P.A. in the amount of $2,454.54 as consideration for Plaintiff's attorneys' fees and costs.

    (3) By May 11, 2018, Defendant shall deliver to Plaintiff's Counsel checks totaling $3,000.00 as follows:

    (a) one check made payable to Yvette Lopez in the amount of $545.6, less applicable tax withholdings, as consideration for alleged overtime wages; and

    (b) one check made payable to Keith M. Stern, P.A. in the amount of $2,454.54 as consideration for Plaintiff's attorneys' fees and costs.

(4) By June 8, 2018, Defendant shall deliver to Plaintiff's Counsel checks totaling $3,000.00 as follows:

   (a) one check made payable to Yvette Lopez in the amount of $545.46, less applicable tax withholdings, as consideration for alleged overtime wages; and
   (b) one check made payable to Keith M. Stern, P.A. in the amount of $2,454.54 as consideration for Plaintiff's attorneys' fees and costs.

(5) By July 6, 2018, Defendant shall deliver to Plaintiff's Counsel checks totaling $3,000.00 as follows:

   (a) one check made payable to Yvette Lopez in the amount of $545.46, less applicable tax withholdings, as consideration for alleged overtime wages; and
   (b) one check made payable to Keith M. Stern, P.A. in the amount of $2,454.54 as consideration for Plaintiff's attorneys' fees and costs.

(6) By August 3, 2018, Defendant shall deliver to Plaintiff's Counsel checks totaling $3,000.00 as follows:

   (a) one check made payable to Yvette Lopez in the amount of $272.73, less applicable tax withholdings, as consideration for alleged overtime wages;
   (b) one check made payable to Yvette Lopez in the amount of $272.72, from which no withholdings shall be taken, as consideration for alleged liquidated damages; and
   (c) one check made payable to Keith M. Stern, P.A. in the amount of $2,454.55 as consideration for Plaintiff's attorneys' fees and costs.

(7) By August 31, 2018, Defendant shall deliver to Plaintiff's Counsel checks totaling $3,000.00 as follows:

   (a) one check made payable to Yvette Lopez in the amount of $545.46, from which no withholdings shall be taken, as consideration for alleged liquidated damages; and
   (b) one check made payable to Keith M. Stern, P.A. in the amount of $2,454.54 as consideration for Plaintiff's attorneys' fees and costs.

(8) By September 28, 2018, Defendant shall deliver to Plaintiff's Counsel checks totaling $3,000.00 as follows:

   (a) one check made payable to Yvette Lopez in the amount of $545.44, from which no withholdings shall be taken, as consideration for alleged liquidated damages; and

    (b) one check made payable to Keith M. Stern, P.A. in the amount of $2,454.56 as consideration for Plaintiff's attorneys' fees and costs.

(9) By October 26, 2018, Defendant shall deliver to Plaintiff's Counsel checks totaling $3,000.00 as follows:

    (a) one check made payable to Yvette Lopez in the amount of $545.45, from which no withholdings shall be taken, as consideration for alleged liquidated damages; and
    (b) one check made payable to Keith M. Stern, P.A. in the amount of $2,454.55 as consideration for Plaintiff's attorneys' fees and costs.

(10) By November 23, 2018, Defendant shall deliver to Plaintiff's Counsel checks totaling $3,000.00 as follows:

    (a) one check made payable to Yvette Lopez in the amount of $545.45, from which no withholdings shall be taken, as consideration for alleged liquidated damages; and
    (b) one check made payable to Keith M. Stern, P.A. in the amount of $2,454.55 as consideration for Plaintiff's attorneys' fees and costs.

(11) By December 21, 2018, Defendant shall deliver to Plaintiff's Counsel checks totaling $3,000.00 as follows:

    (a) one check made payable to Yvette Lopez in the amount of $545.45, from which no withholdings shall be taken, as consideration for alleged liquidated damages; and
    (b) one check made payable to Keith M. Stern, P.A. in the amount of $2,454.55 as consideration for Plaintiff's attorneys' fees and costs.

B. Defendant shall have Ten (10) days following each of the payment deadlines under Section 3(A) to cure any default in payment (i.e., failure to pay the agreed upon amount). However, if Defendant does not cure any default in its payment obligations under this Agreement during the 10-day grace period(s), Plaintiff shall be entitled to a Consent Judgment against Defendant in the amount of $50,000.00 less any amounts previously paid by Defendant.

C. To file this Agreement with the Court in Case No. 6:16-cv-1665-ORL-DCI for review and approval pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), with the Court to dismiss this lawsuit with prejudice and to retain jurisdiction to enforce this Settlement Agreement.

      D.      In exchange for the consideration in this Agreement from Plaintiff, Defendant releases Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that Defendant once had or now has, whether arising out of Plaintiff's employment or otherwise, up through the effective date of this Agreement.

      4.      In the event that Plaintiffs or Defendant commence(s) an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of her/its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

      5.      Plaintiff and Defendant agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

      6.      The effective date of this Agreement shall be the date of the Court's Order of Approval and Dismissal in Case No. 6:16-cv-1665-ORL-DCI. In the event the Court does not approve of this settlement agreement, this agreement, its requirements, and its releases shall be of no force or effect.

      7.      This Agreement supersedes any and all prior agreements between the parties. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and Defendant.

      8.      This Agreement may be executed electronically and in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Electronic and facsimile signatures shall be deemed effective as original signatures.

      9.      Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

      10.      The law governing this Agreement shall be that of the United States and the State of Florida.

DATE: 03/06/18        Signature: _*yvette lopez*_
                                 yvette lopez (Mar 6, 2018)
                                 YVETTE LOPEZ


DATE: _____     Signature: _____
                                 SALMA ELFAKI, on behalf of SALMA ELFAKI,
                                 M.D., P.A.

DATE: _____  Signature: _____
                                    YVETTE LOPEZ


DATE: 3/12/18_____  Signature: _____
                                    SALMA ELFAKI, on behalf of SALMA ELFAKI,
                                    M.D., P.A.